# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| HEATHER K. WARNER, ASHLEY N. FLESHER, AND TYLER S. HARREL, on behalf of themselves and all other similarly situated individuals, | Case No. 2:23-cv-1512 |
| Plaintiffs, | Magistrate Judge Chelsey M. Vascura |
| v. | |
| HAVAR, INC., | **JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT** |
| Defendant. | |

  Plaintiffs Heather Warner, Ashley Flesher, and Tyler Harrel, on behalf of themselves and all opted-in Plaintiffs, (collectively "Plaintiffs") and Defendant Havar, Inc. ("Defendant") (collectively, "the Parties") by and through their respective attorneys, jointly move this Court to approve the Settlement Agreement ("Settlement") reached by the Parties and enter an Order dismissing this action with prejudice.

  The Settlement resolves the claims Plaintiffs asserted against Defendant under the Fair Labor Standards Act ("FLSA") for an alleged failure to pay overtime wages. The Parties respectfully submit that the Settlement between Plaintiffs and Defendant is fair and reasonable and satisfies the criteria for approval under §216(b) of the FLSA. The Settlement was achieved during arms-length negotiations between the Parties, conducted by experienced counsel. The Settlement will provide meaningful payment to Plaintiffs for amounts allegedly owed.

  The attached Memorandum in Support explains the nature of the Action, the negotiations, and the propriety of approving the Settlement.

| | |
|---|---|
| January 22, 2024 | Respectfully submitted, |

| | |
|---|---|
| **VORYS, SATER, SEYMOUR AND PEASE LLP** | **BARKAN MEIZLISH DEROSE COX, LLP** |
| */s/ George L. Stevens* | */s/ Robert E. DeRose* |
| George L. Stevens (0092609) | Robert E. DeRose (0055214) |
| Vorys, Sater, Seymour, and Pease LLP | 4200 Regent Street, Suite 210 |
| 52 East Gay Street | Columbus, OH 43219 |
| Columbus, OH 43215 | Phone: (614) 221-4221 |
| Phone: (614) 464-6400 | Facsimile: (614) 744-2300 |
| Facsimile: (614) 464-6350 | bderose@barkanmeizlish.com |
| glstevens@vorys.com | |
| | **BRIAN G. MILLER CO., L.P.A.** |
| */s/ Elizabeth Callan* | */s/ Adam L. Slone* |
| Elizabeth Callan (0078969) | Adam L. Slone (0093440) |
| Vorys, Sater, Seymour, and Pease LLP | 250 West Old Wilson Bridge Road, Suite 270 |
| 301 East Fourth Street | Worthington, OH 43085 |
| Suite 3500 | Phone: (614) 221-4035 |
| Cincinnati, OH 45202 | Facsimile: (614) 987-7841 |
| Phone: (513) 723-4016 | als@bgmillerlaw.com |
| eacallan@vorys.com | |
| | *Attorneys for Plaintiffs* |
| *Attorneys for Defendant* | |

**MEMORANDUM IN SUPPORT**

**I.     NATURE OF THE ACTION**

Plaintiffs filed this lawsuit on May 4, 2023. The Plaintiffs' Collective and Class Action Complaint alleges a claim for unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), Ohio Minimum Fair Wage Standards Act ("the Ohio Wage"), Ohio Prompt Pay Act ("OPPA") and O.R.C. §2307.60. Plaintiffs specifically allege Defendant failed to pay them and all other similarly situated employees overtime pay for all hours worked over 40 in a single workweek while employed with Defendant. This includes the hours worked between 10:00 p.m. and 6:00 a.m., (hereinafter the "sleep shift") when Plaintiffs were still required to complete work related tasks during this unpaid period. Further, the Plaintiffs' Complaint alleges an individual claim for interference with FMLA rights as to Plaintiff Heather Warner. Plaintiffs specifically allege Defendant retaliated against Ms. Warner by demoting her position and reducing her hourly rate and responsibilities as a consequence of her needing a second extension to her medical leave. Defendant denies the allegations contained in the Complaint and denies liability or wrongdoing of any kind.

**II.    THE NEGOTIATIONS**

On October 24, 2023, the Parties, by and through their experience counsel, engaged in extensive, good-faith, arms-length settlement negotiations in an all-day mediation, which Magistrate Judge Vascura facilitated. As a result of those negotiations, the Parties reached an agreement on both the Plaintiffs' FLSA claims and Plaintiff Heather Warner's individual FMLA claim. A true and accurate copy of the Joint Stipulation of Settlement and Release is attached as **Exhibit A.**

The Settlement provides for mutual promises, and an agreement to request the Court to dismiss this action with prejudice and to approve the release of claims set forth in the Settlement.

As set forth in the Settlement Agreement, Plaintiffs have agreed to resolve their underlying claims for unpaid wages, liquidated damages, and any other claims or potential wage related claims against Defendant. In return, Defendant has agreed to pay Plaintiffs monetary consideration for the alleged damages and Plaintiffs' costs and expenses in bringing the litigation. Defendant does not admit liability and denies that Plaintiffs are entitled to any relief.

### III. THE PROPRIETY OF APPROVAL

The FLSA portion of the Settlement is subject to approval by the Court pursuant to §216(b) of the FLSA. As explained below, Court approval is warranted.

#### A. The Settlement is Fair, Reasonable, and Adequate.

"Before approving a settlement, a district court must conclude that it is 'fair, reasonable, and adequate.'" *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Co.*, 497 F.3d 615, 631 (6th Cir. 2007) (quoting Fed. R. Civ. P. 23(e)(1)(C)). Courts look to several factors when undertaking this inquiry: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *Id*. However, "[t]he Court may choose to consider only those factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Hedglin v. Maxim Healthcare Services, Inc.,* 2016 U.S. Dist. LEXIS 148275, * 3 (N.D. Ohio Oct. 26, 2016), *quoting Crawford v. Lexington-Fayette Urban County Gov.*, 2008 U.S. Dist. LEXIS 90070 (E.D. Ky. Oct. 23, 2008).

The purpose of the review is to "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Group LLC*,

4

2010 U.S. Dist. LEXIS 58912 (N.D. Ohio June 15, 2010) *quoting Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000) (alteration in original) (further citation omitted)). "The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA." *Hedglin v. Maxim Healthcare Services, Inc.,* 2016 U.S. Dist. LEXIS 148275, * 3 (N.D. Ohio Oct. 26, 2016). The Parties' Settlement is fair, reasonable, and adequate, particularly in light of (a) the *bona fide* dispute that exists between the Parties on the merits of Plaintiffs' claim, and (b) the monetary consideration Plaintiffs are receiving.

    **1. A *Bona Fide* Dispute Between the Parties Existed Over Liability.**

Courts find there is a bona fide dispute where the parties disagree over legal issues pertinent to the FLSA claims of the plaintiffs. *See, e.g., Foster v. Residential Programs*, No. 2:19-cv-2358, 2021 U.S. Dist. LEXIS 30963, at *8 (S.D. Ohio Feb. 18, 2021) (bona fide dispute where parties disagreed as to whether employees are entitled to overtime, whether the defendants' actions were willful, and whether the defendants acted in good faith); *Smith v. Tradeglobal, LLC*, No. 1:19-cv-192, 2020 U.S. Dist. LEXIS 179622, at *4 (S.D. Ohio Sept. 29, 2020).

Defendant denies Plaintiffs were improperly paid under the FLSA for all hours worked during the sleep shift. Moreover, Defendant denies Plaintiffs were not paid for hours worked, as Defendant maintains detailed time records of the actual time Plaintiffs clocked in and out each workday. Nonetheless, Plaintiffs allege that they were not compensated for the time worked in excess of 40 hours per workweek. Defendant denies Plaintiffs' allegations. Accordingly, the *bona fide* dispute between the Parties "serves as a guarantee" that the settlement is fair, reasonable, and adequate.

Had this matter not been settled, costly litigation would ensue enlarging the attorney fees and costs exposure to the Defendant and potentially reducing the resources available to pay the Plaintiffs. The Parties opted to negotiate a settlement prior to extensive discovery.

### 2. The Proposed Settlement is Fair and Reasonable.

Plaintiffs are receiving a settlement payment of $280,033.68 to resolve their FLSA claims. Of that $280,033.68, Plaintiff Heather Warner will receive $1,000.00 for her FLSA claim, and the remaining $279,033.68 will be shared amongst the remaining Plaintiffs. In addition to the negotiated FLSA settlement, Plaintiff Heather Warner will also receive $49,000.00 as an equitable resolution for her individual FMLA claim. The two settlements combined result in a global settlement payment of $329,033.68. This substantial sum is fair, reasonable, and adequate on its face. Plaintiffs and Plaintiffs' Counsel believe that this Settlement is in the best interest of the Plaintiffs. *See Declaration of Robert E. DeRose, Esq.*, attached as **Exhibit B** ("**Ex. B**") at ¶28. The proposed settlement for the FLSA claims is based on Plaintiffs' Counsels' damages model created after extensive review of Plaintiffs' payroll records. *See*, **Ex. B**. at ¶18. Plaintiffs' unpaid wages owed, including liquidated and unliquidated damages total $297,014.88. *See*, *Id*. Plaintiffs will receive a combined sum of $280,033.68 for their FLSA claims, which is ninety-one (91%) of their total damages without the risk of losing at trial. *Id.*

The relevant *Int'l Union* factors also weigh in favor of approval. The Settlement was reached after months of extensive negotiations between counsel experienced in FLSA litigation, eliminating any concern that fraud or collusion exists. *Id.* On October 24, 2023, after nearly five months of arms-length negotiations, a mediation was held before Magistrate Judge Chelsey M. Vascura. During this time the parties were able to exchange their respective positions and come to an agreement on a fair and equitable resolution. By specifically allocating a portion of the Settlement solely for Plaintiffs' wages, the Parties ensure that payment is a fair and adequate

6

compromise of the Plaintiffs' disputed FLSA claims. Additionally, the Settlement avoids lengthy, expensive, and uncertain litigation, which also serves the public interest. For these reasons, the Parties respectfully submit that the Settlement of Plaintiffs' FLSA claims are fair, reasonable, and adequate. *See, Ford v. Carnegie Mgmt. Servs., Inc.*, No. 2:16-CV-18, 2017 WL 4390294, at *2 (S.D. Ohio Oct. 3, 2017) ("The parties' divergent positions would have required judicial resolution had a settlement not been reached through many months of arms-length negotiation between competent counsel. Thus, the settlement is free from indicia of fraud and collusion.").

**B.    The Award of Attorneys' Fees is Reasonable.**

Congress included a fee-shifting provision in the FLSA that mandates an award of reasonable attorneys' fees and litigation costs to a prevailing employee. *See* 29 U.S.C. § 216(b); *see also Rembert v. A Plus Home Health Care Agency LLC*, 986 F.3d 613, 616 (6th Cir. 2021) ("The award of a reasonable fee to a prevailing plaintiff is therefore mandatory under the FLSA."). Federal courts have long recognized the profound importance of a plaintiffs' right to recover attorney's fees under the FLSA, particularly where the victims of FLSA violations are low-wage workers whose individual damages may not be individually significant. The Sixth Circuit in *Fegley* explained the importance of the FLSA's statutory fee provision:

> The purpose of the FLSA attorney fees provision is to ensure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances. Courts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees here encourages the vindication of congressionally identified policies and rights. Indeed, we have upheld substantial awards of attorney's fees even though a plaintiff recovered only nominal damages.

*Fegley v. Higgins*, 19 F.3d 1126, 1134-43 (6th Cir. 1994) (internal quotations and citations omitted) (*cert. denied*, 513 U.S. 875 (1994)).  So integral are attorney's fees under the FLSA that the Sixth Circuit recently took the unusual step of reversing a district court's reduction of fees

7

sought in an FLSA case and ordering judgment for the full amount of the fees sought. *See Rembert*, 986 F.3d at 618.

There are two basic measures for evaluating the fairness of an attorney's fees award under the FLSA, "work done and results achieved." *Rui He v. Rom*, 751 Fed. App'x 664, 673 (6th Cir. 2018) (quoting *Gascho v. Global Fitness Holdings, LLC*, 822 F.3d 269, 279 (6th Cir. 2016). The "work done" measure is the "lodestar" method of attorney fee calculation and the "results achieved" measure is the "percentage of the fund" method of attorney fee calculation." *Gascho* at 279. The Sixth Circuit permits a court to choose one or the other method as the court, in its discretion, deems appropriate for the circumstances of a particular case so long as the court articulates its reasons. *See, Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009). The lodestar method yields a fee that is presumptively sufficient to achieve the objective of attracting competent counsel but avoiding a windfall for the attorneys. *See Rembert* at *4 (quoting *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010)).

In approving the reasonableness of attorney's fees, the relevant factors typically include: (1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent-fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides. *See, Moulton v. U.S. Steel Corp.*, 581 F.3d at 352.

Plaintiffs' Counsels seek an award of attorneys' fees and reimbursement for costs in the amount of one-third of Plaintiffs' total recovery and is consistent with the contingency representation contract Plaintiffs signed. *See* **Ex. B** at ¶25. This amounts to an award of $109,677.89 in attorneys' fees. This is reasonable given that Plaintiffs' Counsel at Barkan Meizlish DeRose Cox, LLP expended 127.90 hours in connection with the prosecution of Plaintiffs' claims,

8

which amounts to $51,532.00 in attorney's fees and $522.18 in litigation expenses. *See* **Ex. B**. at ¶¶21-23. Further, Plaintiffs' Counsel at Brian G. Miller Co. expended 97.9 hours in connection with the prosecution of Plaintiffs' claims, totaling $22,892.00 amount in attorney's fees and $22.93 amount in litigation expenses. *See Declaration of Adam L. Slone*, attached as **Exhibit C** ("**Ex. C**") at ¶¶10-11. The total amount of Plaintiffs' Counsels' attorneys' fees amounts to $74,424.00 and the expenses amount to $545.11, which totals $74,969.11. The $109,677.89 in attorneys' fees in the settlement exceeds their lodestar by $34,698.78. *See* Ex. B. at ¶ 29. This equates to a 1.46% multiplier which is acceptable with courts in this district. *See In re Cardinal Health Inc. Securities Litigation,* 528 F.Supp.2d 752, 771 (S.D. Ohio 2007) (Chief Judge Marbley found that multipliers can ranges from 1.3 to 4.5); *See also Honaker v. Wright Bros. Pizza, Inc.*, 2:18-cv-1528, 2021 WL 5240235 *4 (April 5, 2021 S.D. Ohio) (1.35 multiplier for an FLSA case found reasonable.); *Employees Retirement System of the City of St. Louis v. Jones*, 2:20-cv-4813, 2022 WL 14160253 *10 (August 23, 2022 S.D. Ohio) (3.54 multiplier was reasonable); *Andrews v. State Auto Mutual Insurance Company,* 2:21-cv-5867, 2023 WL 7018839 *7 (October 25, 2023 S.D. Ohio) (2.45 multiplier was reasonable.) A one-third attorney fee award was granted when the loadstar crosscheck was 2.25 times greater than the lodestar. *See Graham v. Chumleys of Columbus, LLC.*, 2:15-cv-136, 2016 WL 11787458 *7 (March 23, 2016 S.D. Ohio). This Court granted a 2.4 multiplier. *See Rotondo v. JP Morgan Chase Bank, NA,* 2:19-cv-2328 2019 WL 6167086 *7 (November 20, 2019 S.D. Ohio) *citing Dillow v. Home Care Network, Inc.*, No. 2:16-cv-612, 2018 WL 4776977 *7 (S.D. Ohio Oct. 3, 2018) (approving fee award that was "approximately 2.9 times the lodestar" and noting that the multiplier "is well within the acceptable range of multipliers" for a wage and hour action)Thus, this factor favors approval.

Plaintiffs' Counsel took this case on a pure contingency basis, which favors approving the attorney's fees sought. *See* **Ex. B** at ¶25; *See, Hebert v. Chesapeake Operating, Inc.*, No. 2:17-cv-852, 2019 U.S. Dist. LEXIS 160792, *5 (S.D. Ohio Sep. 20, 2019) ("counsel absorbed the risk of an unsuccessful outcome and no fee of any kind. This favors granting the attorney's fees award."). Based on the efforts expended by Plaintiffs' Counsel and the exceptional results achieved warrant granting Plaintiffs' Counsels' request. *See Kritzer v. Safelite Sols., LLC*, 2012 Dist. LEXIS 74994, at *29 (Granting the same Plaintiffs' Counsel 52% of the settlement based on the amount of work performed and the exceptional result achieved for the class.

**CONCLUSION**

The Parties jointly submit that the Settlement is a fair and reasonable resolution of the dispute between the Parties and was reached through arms-length negotiations. All Parties have been represented by counsel during the negotiation process and the Parties agree, based on the scope of the claims and the costs of continued litigation, that the settlement represents a fair and reasonable resolution of the Plaintiffs' claims.

For the foregoing reasons, the Parties respectfully request that this Court approve the Settlement by entering the proposed Stipulated Order and Final Judgment submitted herewith.

January 22, 2024                                              Respectfully submitted,

| **VORYS, SATER, SEYMOUR AND PEASE LLP** | **BARKAN MEIZLISH DEROSE COX, LLP** |
|---|---|
| */s/ George L. Stevens* | */s/ Robert E. DeRose* |
| George L. Stevens (0092609) | Robert E. DeRose (0055214) |
| Vorys, Sater, Seymour and Pease LLP | 4200 Regent Street, Suite 210 |
| 52 East Gay Street | Columbus, OH 43219 |
| Columbus, OH 43215 | Phone: (614) 221-4221 |
| Phone: (614) 464-6400 Fax: (614) 464-6350 | Facsimile: (614) 744-2300 |
| glstevens@vorys.com | bderose@barkanmeizlish.com |

10

| | |
|---|---|
| */s/ Elizabeth Callan*<br>Elizabeth Callan (0078969)<br>Vorys, Sater, Seymour and Pease LLP<br>301 East Fourth Street<br>Suite 3500<br>Cincinnati, OH 45202<br>Phone: (513) 723-4016<br>ecallan@vorys.com<br><br>*Attorneys for Defendant* | **BRIAN G. MILLER CO., L.P.A.**<br><br>*/s/ Adam L. Slone*<br>Adam L. Slone (OH Bar No. 0093440)<br>250 West Old Wilson Bridge Road, Suite 270<br>Worthington, OH 43085<br>Phone: (614) 221-4035<br>Fax: (614) 987-7841<br>als@bgmillerlaw.com<br><br>*Attorneys for Plaintiffs* |

## **CERTIFICATE OF SERVICE**

A copy of *Joint Motion to Approve Settlement Agreement* was filed electronically with the Court on January 22, 2024. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ Robert E. DeRose*
Robert E. DeRose (OH Bar No. 0055214)

11