UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HEATHER K. WARNER, *et al.*,

        Plaintiffs,

   v.                                  Civil Action 2:23-cv-1512
                                          Magistrate Judge Chelsey M. Vascura

HAVAR, INC.,

        Defendant.

## OPINION AND ORDER

Named Plaintiffs Heather Warner, Ashley Flesher, and Tyler Harrel, on behalf of themselves and all Opt-In Plaintiffs (collectively, "Plaintiffs"), bring this action against Defendant Havar, Inc., under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code §§ 4111.01, *et seq.* (the "Ohio Wage Act"), the Ohio Prompt Pay Act, Ohio Rev. Code § 4113.61 ("OPPA"), and Ohio Revised Code § 2307.60 arising out of Defendant's alleged failure to pay overtime wages. Plaintiff Warner also asserts claims for retaliation and interference under the Family and Medical Leave Act, 29 U.S.C. §§ 2601, *et seq.* ("FMLA"). This matter is before the Court on the parties' Joint Motion to Approve Settlement Agreement (ECF No. 25). Having reviewed the Joint Motion and its exhibits, including the Settlement Agreement, Declarations of Robert E. DeRose and Adam L. Slone, and for good cause shown, the Court **GRANTS** the Joint Motion (ECF No. 25) for the following reasons.

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)). To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (applying the same factors to an FLSA settlement).

Courts look to several factors when undertaking this inquiry, including (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Ousley*, 2023 WL 3470522, at *3; *Headspeth v. TPUSA, Inc.*, No. 2:19-CV-2062, 2022 WL 4094448, at *1 (S.D. Ohio Sept. 7, 2022) (Morrison, J.) (citing *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011)). *See* 29 U.S.C. § 216(b), (c). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Ganci v. MBF Inspection Servs., Inc.*, No. 2:15-CV-2959, 2019 WL 4233128, at *2 (S.D. Ohio Sept. 6, 2019) (Vascura, M.J.). (quoting *Gentrup*, 2011 WL 2532922, at *8).

Here, there is a bona fide dispute as to liability and potential damages. The parties dispute whether Plaintiffs have any further entitlement to unpaid overtime wages, and Defendant denies

all liability. There is no indication that the settlement was reached by anything other than arms' length negotiations between counsel. Indeed, settlement was reached after a day-long mediation with the undersigned serving as mediator. Further, the proposed settlement for the FLSA claims is based on Plaintiffs' counsel's damages model that was created after extensive review of Plaintiff's payroll records. (DeRose Decl. ¶ 18, ECF No. 25-2.) The settlement will avoid expensive litigation for both sides, including formal discovery, dispositive motions, trial, and possible appeals, and the public interest generally favors settlement of class claims. *See Hainey v. Parrott*, 617 F. Supp. 2d 668, 679 (S.D. Ohio 2007).

The Settlement Agreement provides for a total FLSA Settlement Amount of $280,033.68, inclusive of attorney's fees, costs, service awards, and administrative expenses. One third of the total FLSA Settlement Amount constitutes an award of attorney's fees for Plaintiffs' counsel; the remaining two thirds will be distributed among the three Named Plaintiffs and nine Opt-In Plaintiffs. Although the parties dispute both the existence and amount of unpaid overtime wages, the parties represent that that the individual settlement payments reflect approximately 91% of their alleged overtime wages damages. (Jt. Mot. 6, ECF No. 25.) This rate of recovery of estimated damages is reasonable. *See*, *e.g.*, *Athan v. United States Steel Corp.*, 523 F.Supp.3d 960 (E.D. Mich. Mar. 3, 2021) (finding estimated recovery in the range of 11–62% of alleged damages to be reasonable). Moreover, attorney's fees in the amount of one-third of the total FLSA Settlement Amount are reasonable. *See, e.g., Hebert v. Chesapeake Operating, Inc.*, No. 2:17-CV-852, 2019 WL 4574509, at *8 (S.D. Ohio Sept. 20, 2019) ("33% is typical for attorney's fees in common fund, FLSA collective actions in this District."); *Morse v. NTI Servs., Corp.*, Case No. 2:20-cv-02173, 2021 WL 4350485 at *2 (S.D. Ohio Sept. 17, 2021) (finding attorney fees award that represents one-third of the total settlement amount are reasonable);

*Bailey v. Paradies Shops, LLC*, Case No. 2:20-cv-2610, 2021 WL 3662466, at *6 (S.D. Ohio Aug. 18, 2021) (approving a request for attorney's fees in the amount of one third of the settlement fund and noting, "District courts have approved collective and class actions fee requests when the fee is one-third of the total settlement amount").

It is therefore **ORDERED** as follows:

1. The Court finds that the settlement agreement is a fair and reasonable resolution of a bona fide dispute over the wage claims raised in this case;

2. The Court finds that the award of attorneys' fees and costs in the settlement agreement is reasonable;

3. The Court approves the settlement of this case; and

4. This case is **DISMISSED WITH PREJUDICE**, with each party to bear its own attorneys' fees and costs, except all court costs shall be borne by Defendant as agreed between the parties in the settlement agreement.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE